**2000–1550.   Cuyahoga Cty. Bar Assn. v. Muttalib.**

IT IS ORDERED by this court, sua sponte, that Kalam Muttalib, Attorney Registration No. 0031397, last known business address in Cleveland, Ohio, is found in contempt for failure to comply with this court's order of January 13, 2001, to wit, failure to surrender his certificate of admission and failure to file an affidavit of compliance on or before February 12, 2001.

**2000–2249.   Cuyahoga Cty. Bar Assn. v. Lavin.**

IT IS ORDERED by this court, sua sponte, that William J. Lavin, Attorney Registration No. 0017095, last known address in Lyndhurst, Ohio, is found in contempt for failure to comply with this court's order of June 13, 2001, to wit, failure to pay board costs in the amount of $1,540.95 on or before September 11, 2001.

# MISCELLANEOUS DISMISSALS

**2002–0593.   Still v. Indiana Ins. Co.**

Stark App. No. 2001CA00300, 2002-Ohio-1004. This cause is pending before the court as a discretionary appeal and a claimed appeal of right. Upon consideration of appellants' application for dismissal,

IT IS ORDERED by the court that the application for dismissal be, and hereby is, granted.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

# MISCELLANEOUS ORDERS

| | | |
|---|---|---|
| In re Report of the Commission | : | |
| on Continuing Legal Education. | : | |
| | : | ENTRY |
| Laryce Woodyear Dowe | : | |
| ( # 0034009), | : | |
| Respondent. | : | |

This matter originated in this court on the filing of a report by the Commission on Continuing Legal Education (the "commission") pursuant to Gov.Bar R. X(6)(A)(1)(b) and (A)(2)(d). The commission recommended the imposition of sanctions against certain attorneys, including the above-named respondent, for failure to comply with the provisions of Gov.Bar R. X, Attorney Continuing Legal Education, for the 1990–1991 reporting period.

On June 18, 1993, this court adopted the recommendation of the commission, imposed a sanction fee upon the respondent and suspended the respondent from the practice of law pursuant to Gov.Bar R. X(6)(B)(3), and Gov.Bar R. X(5)(A)(4). The court further ordered that respondent shall not be reinstated to the practice of law in Ohio until respondent complies with the requirements for reinstatement set forth in Gov.Bar R. X(7); respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, respondent complies with this and all other orders of the court, and this court orders respondent reinstated.

On June 4, 2002, the commission filed a recommendation pursuant to Gov.Bar R. X(7)(B)(2), finding that the respondent has paid all fees assessed for noncompliance, has made up all deficiencies and is now in full compliance with all requirements of Gov.Bar R. X, and recommending that the respondent be reinstated to the practice of law in Ohio. On June 4, 2002, the commission certified that respondent had completed the credit hours of continuing legal education required during his suspension by this court's order of suspension. Upon consideration thereof,

IT IS ORDERED by the court that the recommendation of the commission is adopted and respondent, Laryce Woodyear Dowe, is hereby reinstated to the practice of law.